UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 24-MJ-00011-RMM |
| | : | |
| **DUONG DAI LUU,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S RESPONSE
### TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Duong Dai Luu (hereinafter referred to as "Luu") unlawfully entered the U.S. Capitol during a violent riot. For his conduct on January 6, 2021, Luu is charged with four misdemeanor offenses. Given the nature of the pending charges, the government agreed that Luu may remain on release pending trial, without a curfew, home detention, or monitoring – but not without conditions. Here, the condition that Luu surrender his passport and not obtain another passport or other international travel document are among the minimum conditions necessary to ensure Luu's appearance at trial and other court proceedings. Luu's involvement in the January 6 riot justifies these restrictions. The Government defers to the Court's judgment on whether to permit the proposed international travel; however, should the Court grant the defendant's motion, the Government moves for additional conditions of release to reasonably assure Luu's appearance at future proceedings.

### BACKGROUND

On January 6, 2021, Luu attended the Stop the Steal rally in Washington D.C. with a member of his church. At approximately 2:56 pm, Luu unlawfully entered the U.S. Capitol through the Senate Parliamentarian Door, went into the Parliamentarian's Office, and filmed the

destruction there on his cell phone before exiting approximately four minutes later. Luu was charged by complaint with four misdemeanors (violations of 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(D) and (G)). ECF No. 1.

On January 25, 2024, Luu was arrested in Houston, Texas and he made his first appearance before a Magistrate Judge in the Southern District of Texas. Luu was released on a $10,000 unsecured bond as well as other conditions including the surrender of his passport and proscription against obtaining a new passport and traveling abroad. ECF No. 7.

On February 1, 2024, the Pretrial Services Agency for the District of Columbia submitted a Pretrial Services Report for Luu in connection with his initial appearance in this district. In the report, Pretrial Services recommended that Luu be released on a number of conditions, including that he "[s]urrender all passports to the Pretrial Services Agency" and "[n]ot obtain a passport or other international travel document." ECF No. 6. On February 1, 2024, Magistrate Judge Harvey imposed the release conditions that Luu surrender his passport, not obtain a passport or international travel document and obtain Court approval for travel outside of the continental United States.

On February 3, 2024, Luu moved to amend the conditions of release to allow him to possess his passport from March 13, 2024 to March 24, 2024, and to travel on a pilgrimage with members of his church to the Czech Republic and Italy during this timeframe. ECF. No. 10.

### ARGUMENT

**Applicable Authority**

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or

2

the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1).  In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that will "reasonably assure the appearance of the person as required[.]" 18 U.S.C. § 3142(c)(1)(B).  These conditions may include the condition that the person "abide by specified restrictions on…travel." 18 U.S.C. § 3142(c)(1)(B)(iv).  The Court is authorized to impose "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(xiv).

In determining appropriate conditions of release, the judicial officer considers factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("Section 3142(g) factors").  The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

### I. The Section 3142(g) Factors Favor Maintaining the Condition that Luu Surrender his Passport

The Section 3142(g) factors justify including the passport restriction among Luu's conditions of release. While Luu is currently charged only with misdemeanors, the nature and circumstances of the offense support restricting his ability to travel internationally before trial. Fully aware that rioters were storming the Capitol, Luu joined in and unlawfully entered the Capitol. Luu joined a violent attack on our nation's democracy. The nature and circumstances of his offense suggest that Luu does pose a danger and warrant international travel restrictions.

The weight of the evidence of Luu's conduct is strong. The evidence in this case includes U.S. Capitol Police security footage showing Luu inside the Capitol Building, open-source video

showing Luu's participation in the January 6 riot and videos and photographs provided by Luu as well as his own admissions.

Luu has not been on pretrial release long enough to assess compliance prior to the proposed trip. During this investigation, but prior to his arrest, the FBI received reports that Luu was screened at Customs upon return from Israel in 2022 and Mexico in 2023. During the 2022 screening, photographs of Luu at the Capitol on January 6, 2021 and documents related to a driving while intoxicated ("DWI") arrest and pre-trial intervention program were located within his phone. Law enforcement database checks show the DWI charge was dismissed on January 4, 2021. Luu has no criminal convictions. Luu was born in Vietnam and is a naturalized U.S. citizen. He puts forth no assertion of familial or other strong ties that would incentivize his return. He is known to be gainfully employed at Current Power Solutions in Houston, Texas.

### A. Court's Approach in Cases Stemming from January 6, 2021

Courts in this district have been faced with defendants' requests for international travel while awaiting trial on January 6-related charges. In *United States v. Williams*, a defendant on pretrial release for multiple charges, including a "serious felony offense, stemming from his alleged actions on January 6, 2021," moved for permission to travel to Jamaica for a week. *United States v. Williams,* 21-cr-00377-BAH, Minute Order, January 7, 2022. The Court denied the defendant's request for "non-essential foreign travel" noting that the defendant "surrendered his entitlement to unfettered international travel" when he joined the riot on January 6, 2021. *Id.*

In *United States v. Irizarry*, the defendant was charged with misdemeanors stemming from his actions on January 6, 2021. The defendant was an "honors student at The Citadel, a military college in South Carolina, who won a merit-based scholarship to study abroad in Estonia. *United States v. Irizarry*, No. 22-3028 2022 WL 2284298, at *1 (D.C. Cir. June 24, 2022) (unpublished).

4

Though the government did not oppose the defendant's attendance at this study abroad program, the district court denied the travel. *Id.* The Court of Appeals reversed, holding that the travel was warranted because the district court did not find that the defendant was a flight risk or dangerous, "much less that completely denying his motion for travel was the least restrictive means of reasonably assuring his appearance and the safety of the community." *Id.*

### B.  Least Restrictive Conditions if International Travel is Authorized

Luu's trip presents some risk of flight, and so this Court should impose additional conditions to mitigate that risk. In *Irizarry*, the dissent urged remand to consider additional restrictions, the majority noted that "position might have force had the government offered some evidence that Irizarry's travel presented a flight risk and sought additional conditions to mitigate that risk" (it had not in that case). *Id.* at *2.

While Luu and the defendant in *Irizarry* are similarly situated in terms of charges and duration and approximate location of the proposed international travel, Luu is different in a few ways. Luu is much older than the defendant in *Irizarry.* Also*,* the Court has no information about Luu's familial ties in the United States. The defendant in *Irizarry* was a college student and proposed traveling through a scholarship funded program. Presumably, he did not have the means to flee, perhaps unlike Luu who has been gainfully employed throughout the pendency of the investigation and has consistently traveled abroad during the past few years. Accordingly, the Court should impose some of the conditions suggested by the dissent in *Irizarry*—specifically: "requiring an extradition waiver . . . [and] requiring [Luu] to post property as a security"—as the least restrictive combination of conditions to reasonably assure Luu's appearance at trial. *Id.* at *3 (Wilkins, J., dissenting); *see also United States v. Szott*, 768 F.2d 159, 160 (7th Cir. 1985) (per curiam) (observing that the court should set bail at an amount where "losing the sum would be a

deeply-felt hurt to the defendant and his family; the hurt must be so severe that defendant will return for trial rather than flee").[1]

## CONCLUSION

If the Court allows Luu's proposed travel, the Court should impose additional conditions to assure the safety of the community and mitigate the risk of non-appearance.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   s/ *Kyle R. Mirabelli*
Kyle R. Mirabelli
Assistant United States Attorney
Bar No. 5663166
601 D Street, N.W. Rm. 6-725
Washington, DC 20530
Email: kyle.mirabelli@usdoj.gov
(202) 252-7884

---

[1] For instance, the Court could require Luu to post amount secured by his home or other assets as collateral. *Szott*, 768 F.2d at 160 (affirming million dollar bail); 18 U.S.C. § 3142(c)(1)(B)(xi), (xii), (g)(4).