UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DUONG DAI LUU,<br><br>Defendant. | Case No. 24-mj-11 |

**ORDER**

Defendant Duong Dai Luu has filed a motion seeking an order granting authorization for international travel and for the temporary release of his passport so that he may travel abroad for the period from March 14, 2024, to March 24, 2024.  ECF No. 10.  The government opposed the request, asking that the Court deny it outright or, in the alternative, grant it while imposing additional conditions of release on Defendant.  ECF No. 11.  The Court held a hearing on February 16, 2024.  As discussed on the record at that hearing, the Court took the latter path, conditioning the return of Defendant's passport and permission to travel internationally from March 14 to March 24, 2024, upon a $25,000 bond secured by title to a vehicle owned by Defendant—a BMW X-5—Defendant's execution of a waiver of any right not to be extradited to the United States from the foreign countries to which he will be traveling, and additional reporting requirements requested by the Pretrial Services Agency ("PSA") for the District of Columbia.  *See United States v. Irizarry*, No. 22-3208, 2022 WL 2284298, at *1–2 (D.C. Cir. June 24, 2022) (reversing the district court's order denying the defendant's request for temporary return of his passport and permission to travel internationally where the government "neither opposed the travel nor sought any further conditions on it"); *id.* at *3 (Wilkins, J., dissenting) (suggesting imposition of additional conditions to mitigate the risk of flight, including an extradition waiver and a bond secured by property).

Defendant has filed the waiver of extradition rights on the docket of this case, *see* ECF No. 16-3, and completed the necessary paperwork for the secured bond.  Accordingly, it is hereby

**ORDERED** that Defendant's motion for authorization for international travel and temporary release of his U.S. passport, ECF No. 11, is **GRANTED**. It is further

**ORDERED** that Defendant is authorized to travel internationally for the period commencing on March 14, 2024, returning to the United States on March 24, 2024. It is further

**ORDERED** that Defendant shall be permitted to retrieve and utilize his passport for the sole purposes of booking and then engaging in the limited travel approved in this Order. It is further

**ORDERED** that PSA may release Defendant's passport to him or to his attorney as of the date this Order is signed and Defendant must return his passport to his PSA Officer in the Southern District of Texas/Houston within 48 hours of returning from his travel. It is further

**ORDERED** that prior to his departure, Defendant shall provide PSA with his flight itinerary and lodging information. It is further

**ORDERED** that Defendant shall communicate with his PSA Officer in Washington, D.C., by telephone or text each day that he is on travel. If Defendant is unable to call his PSA Officer due to lack of cellular reception, he shall communicate by email to the extent practicable and/or let PSA know in advance that he will be out of cellular range and the duration of time he expects to be out of range. It is further

**ORDERED** that within 24 hours after Defendant returns his passport, PSA shall file a notice with this Court regarding his compliance with conditions.

**SO ORDERED.**

Date: March 1, 2024

_____
G. Michael Harvey
United States Magistrate Judge